Michael L. Greenwald (*pro hac vice* pending)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: (561) 826-5477
Facsimile: (561) 961-5684
mgreenwald@gdrlawfirm.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Jennifer Ramos, *on behalf of herself and others similarly situated*,

Plaintiff,

vs.

Kohl's Department Stores, Inc.,

Defendant.

Case No.

**CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND**

Jennifer Ramos ("Plaintiff"), by and through her undersigned counsel, and on behalf of herself and others similarly situated, sues Kohl's Department Stores, Inc. ("Defendant"), and alleges as follows:

**Nature of the Action**

1. This is a class action against Defendant for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –

*****

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

3. Upon information and belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to the cellular telephones of consumers using an automatic telephone dialing system and/or an artificial or prerecorded voice, without the prior express consent of the consumers, in that it repeatedly dials the cellular phone numbers of its customers after being instructed to stop calling.

## Jurisdiction

4. This Court has subject matter jurisdiction pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where Plaintiff resides in this State and in this District, a substantial part of the events giving rise to Plaintiff's action occurred in this State and in this District, and where Defendant transacts business in this State and in this District.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Tempe.

7. Defendant is an operator of department stores throughout the country.

8. Defendant also operates an e-commerce website (www.Kohls.com).

9. Defendant sells private label, exclusive and national brand apparel, footwear, accessories, beauty and home products.

**Factual Allegations**

10. Plaintiff is subscribed to a cellular telephone service and has been assigned a wireless number in connection with such subscription.

11. Prior to February 2016, Plaintiff obtained credit through Defendant and Capital One for a Kohl's-branded credit card.

12. Plaintiff had an outstanding balance on her Kohl's-branded credit card, and was unable to make timely payments.

13. On or before February 16, 2016, Defendant placed a call to Plaintiff's wireless number.

14. To the extent Defendant had Plaintiff's prior express consent to place calls to Plaintiff's wireless number, Plaintiff revoked such consent on or about February 16, 2016 upon answering one of Defendant's calls and instructing Defendant to cease calling her.

15. In response to Plaintiff telling Defendant to stop calling her wireless number, Defendant told Plaintiff that it would not stop calling until she paid off her balance.

16. Following the initial time that Plaintiff revoked consent to receive telephone calls via an automatic telephone dialing system to her cellular telephone, she has since directed Defendant to stop calling her on at least two other occasions.

17. No matter, Defendant placed additional calls to Plaintiff's wireless number, including, on the following dates and times:

1) February 16, 2016 at 6:46 P.M.;
2) February 17, 2016 at 7:18 P.M.;
3) February 18, 2016 at 6:33 P.M.;
4) February 20, 2016 at 2:46 P.M.;
5) February 22, 2016 at 7:22 P.M.;
6) February 23, 2016 at 6:03 P.M.;
7) February 25, 2016 at 7:17 P.M.;
8) February 26, 2016 at 4:55 P.M.;
9) February 28, 2016 at 10:40 A.M.;
10) February 29, 2016 at 6:14 P.M.;
11) March 7, 2016 at 7:14 P.M.;
12) March 8, 2016 at 6:59 P.M.;
13) March 12, 2016 at 2:33 P.M.;
14) March 15, 2016 at 7:01 P.M.;
15) March 16, 2016 at 8:04 P.M.;
16) March 18, 2016 at 1:15 P.M.;
17) March 19, 2016 at 11:22 A.M.;
18) March 29, 2016 at 6:51 P.M.;
19) April 1, 2016 at 12:24 P.M.;
20) April 2, 2016 at 1:34 P.M.;
21) April 3, 2016 at 1:10 P.M.;
22) April 7, 2016 at 7:37 P.M.;
23) April 8, 2016 at 12:48 P.M.;
24) April 10, 2016 at 8:39 P.M.;
25) April 13, 2016 at 11:11 A.M.;
26) April 13, 2016 at 8:24 P.M.;
27) April 14, 2016 at 5:41 P.M;
28) April 15, 2016 at 12:49 P.M.;
29) April 17, 2016 at 12:41 P.M.;
30) April 25, 2016 at 8:08 P.M.;
31) April 28, 2016 at 5:17 P.M.;
32) April 30, 2016 at 12:54 P.M.;
33) May 2, 2016 at 5:53 P.M.;
34) May 4, 2016 at 5:24 P.M.;
35) May 9, 2016 at 5:22 P.M.;
36) May 13, 2016 at 10:26 A.M.;
37) May 16, 2016 at 5:16 P.M.;
38) May 17, 2016 at 5:20 P.M.; and
39) May 18, 2016 at 5:47 P.M.

18. During some of the above-referenced calls, Defendant delivered a voice message to Plaintiff's wireless number.

19. Some of the voice messages left by Defendant used an artificial or pre-recorded voice.

20. For example, on February 14, 2016, Defendant left the following voice message on Plaintiff's cellular telephone using an artificial voice:

> Please call Kohl's Department store at 1-888-814-3555. Please call Kohl's Department store at 1-888-814-3555. Please call Kohl's Department store at 1-888-814-3555. Again, please call Kohl's Department store at 1-888-814-3555.

21. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls at issue, including the prerecorded nature of some of the calls, Defendant placed the calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

22. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls at issue, including the prerecorded nature of some of the calls, Defendant placed them by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

23. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls at issue, including the prerecorded nature of some of the calls, Defendant placed them by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner

that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

24. Defendant did not place any of the calls at issue to Plaintiff's wireless number for emergency purposes.

25. Defendant did not have Plaintiff's prior express consent to make calls to Plaintiff's wireless number.

26. Upon information and belief, Defendant voluntarily placed the calls at issue to Plaintiff's wireless number.

27. Upon information and belief, Defendant placed all calls to Plaintiff's wireless number under its own free will.

28. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system or an artificial or prerecorded voice to place each of the calls at issue.

29. Upon information and belief, Defendant intended to use an automatic telephone dialing system or an artificial or prerecorded voice to place each of the calls at issue.

30. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless number, which may reveal the existence of additional violations beyond those pleaded above.

31. Plaintiff suffered harm as a result Defendant's telephone calls at issue in that she suffered an invasion of her privacy, an intrusion into her life, and a private nuisance.

32. As well, Defendant's telephone calls at issue depleted or consumed, directly or indirectly, Plaintiff's cellular telephone minutes, for which she paid a third party.

33. Additionally, the unwanted calls at issue unnecessarily tied up Plaintiff's telephone line.

**Class Action Allegations**

34. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and a class of similarly situated individuals as defined below:

> All persons and entities throughout the United States (1) to whom Kohl's Department Stores, Inc. placed, or caused to be placed, calls (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system or an artificial or

prerecorded voice, (5) in the four years preceding the filing of this complaint, (6) after being instructed to cease placing such calls.

Excluded from the class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

35. The proposed class is so numerous that, upon information and belief, joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed class is ascertainable in that it is defined with reference to objective criteria. Moreover, upon information and belief, the names, addresses, and cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant.

36. Plaintiff's claims are typical of the claims of the members of the class because Plaintiff and all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff possesses the same interests and has suffered the same injuries as each class member. Like all members of the class, Plaintiff received telephone calls from Defendant using an automatic telephone dialing system and an artificial or prerecorded voice, without her consent, in violation of 47 U.S.C. § 227.

37. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation. Plaintiff

has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

38. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impracticable for class members to individually redress the wrongs done to them. There will be little, if any difficulty in the management of this action as a class action.

39. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class. Among the issues of law and fact common to the class are:

    a. Defendant's violations of the TCPA as alleged herein;

    b. Defendant's use of an automatic telephone dialing system;

    c. Defendant's use of an artificial or prerecorded voice when leaving messages for consumers on their cellular telephones;

    d. Defendant's practice of continuing to autodial cellular phone numbers after being instructed to stop doing so; and

    e. the availability of statutory damages.

40. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

# COUNT I
# VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

41. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1–40.

42. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number, without her consent.

43. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from further violations of 47 U.S.C. § 227(b)(1)(A)(iii) with respect to Plaintiff and the other members of the class;

(c) Awarding Plaintiff and members of the class actual damages or statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(d) Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

    (e) Awarding other and further relief as the Court may deem just and proper.

## Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

Dated: September 2, 2016

                 Respectfully submitted,

                 <u>s/ Michael L. Greenwald</u>
                 Michael L. Greenwald (*pro hac vice* pending)
                 Greenwald Davidson Radbil PLLC
                 5550 Glades Road, Suite 500
                 Boca Raton, FL 33431
                 Telephone: (561) 826-5477
                 Facsimile: (561) 961-5684
                 mgreenwald@gdrlawfirm.com

                 Attorney for Plaintiff